BUCHANAN v. WEIDEN.

1. Dismissal and Nonsuit—Reinstatement—Abuse of Discretion.
   Granting motion to reinstate action after order of dismissal was not abuse of discretion under circumstances.

2. Same—Attorney and Client.
   Finding by trial court that defendant's attorney remained in charge of case for all proceedings after dismissal same as he would had case been appealed, in absence of substitution of attorneys, held, correct.

3. Judgment—Default Judgment—Appearance.
   Entering default judgment against defendant for want of appearance was error, where defendant had appeared and pleaded in case.

4. Same—Irregularities.
   In view of irregularities in record, default judgment against defendant is set aside, and case remanded for trial on merits.

Appeal from Kent; Dunham (Major L.), J. Submitted May 20, 1931. (Docket No. 169, Calendar No. 35,779.) Decided June 25, 1931. Rehearing denied September 10, 1931.

Assumpsit by Claude R. Buchanan against Joseph R. Weiden for services as an attorney. Judgment for plaintiff by default. Defendant appeals. Reversed, and remanded.

*Knappen, Uhl, Bryant & Snow,* for plaintiff.

*Shelby B. Schurtz,* for defendant.

Butzel, C. J. Claude R. Buchanan, plaintiff and appellee, brought suit against Joseph A. Weiden,

defendant and appellant, for legal services performed for him. Suit was begun by filing declaration with rule to plead on April 1, 1927. On June 24, 1927, the plea of general issue was filed. On or about the 25th day of April, 1929, no progress having been made in more than one year, the case was placed on the dismissal calendar for the May term of 1929. Proof of service was duly made. The case, however, was not dismissed in the May term of 1929. On May 2, 1929, a motion was filed by plaintiff's attorneys to place the case on the May term of court for trial. Notwithstanding this fact, on the 17th day of July, 1929, in the July term of court, an order of dismissal was entered by the circuit judge because no action had been taken or progress made for a year prior to placing the case on the nonprogress calendar. On April 1, 1930, plaintiff, evidently not knowing of the dismissal of the case, took a default judgment for the full amount claimed by him. Although plaintiff brought the suit through his present attorneys, nevertheless on the 17th day of June, 1930, plaintiff, an attorney, *in propria persona,* filed a petition to reinstate, which was duly served upon the attorney for the defendant. It stated that plaintiff had been absent from the city and not aware that an order of dismissal had been entered; that in ignorance of said order he had taken a judgment on April 1, 1930; and that the order of dismissal did not appear "in the record of the files of the case." Four days later, on the day noticed for hearing of the motion, the circuit judge entered an order reinstating the case. On July 21, 1930, plaintiff took a default judgment against defendant for the full amount claimed by him. The judgment itself states that it was a default judgment taken for "want of an appearance * * * same

having become absolute.'' On December 18, 1930, the assignment clerk of the Kent circuit court notified defendant to appear for trial on December 29, 1930, but obviously there was no further trial. On February 16, 1931, defendant filed a petition asking that all judgments and proceedings subsequent to the order of dismissal of July 17, 1929, be set aside. From an order denying this petition, defendant appeals. There are many serious errors and irregularities in the case. We shall only consider two of them.

We need not discuss whether the order of dismissal was properly made or not, for there was no abuse of discretion in granting the motion to reinstate. Defendant's attorney claims that when the motion to reinstate was served on him, he stated that he was no longer interested in the case and that his services had terminated when the order of dismissal was entered. There is no affidavit on the part of his client that he did not receive notice of the motion for reinstatement. On the other hand, a counter-affidavit made by plaintiff's attorney shows that the attorney for the defendant, at the time he was served with the motion, stated that he would consult his client as to whether he cared to contest it. We believe that the trial judge was correct in finding that defendant's attorney had remained in charge of the case for all proceedings subsequent to the order of dismissal the same as he would have been, in the absence of a substitution of attorneys, had the case been appealed. There was no error in granting the order of reinstatement.

Judgment by default was entered against defendant for want of appearance, the default having become absolute. This was clearly error. Defendant had appeared and pleaded in the case, and therefore,

there could be no default. Judgment was entered a month after the reinstatement of the case. Defendant's attorney claims that he was never notified of the date of the trial. The assignment clerk in his affidavit states that it was his habit to notify litigants by writing or telephone of the date of the trial, that he made a memorandum each time which he destroyed after a reasonable length of time. Plaintiff claims that the reference to default in the judgment should be treated as surplusage. He admits that the record is absolutely irregular. In any event, under the circumstances of the present case, we do not believe the judgment should stand. It should be set aside and a new trial granted on the merits. The judgment of the lower court is set aside, and the case remanded for a new trial. Inasmuch as many of the irregularities have been caused largely through defendant's default or neglect, no costs will be allowed to either party.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.